**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 1:20-2-1 |
| | )  Judge Stephanie L. Haines |
| LAITH KADHEM | ) |

**<u>OPINION AND ORDER</u>**

On March 8, 2021, Laith Kadhem ("Defendant") pled guilty to conspiracy to defraud the United States by committing food stamp fraud in violation of 18 U.S.C. § 371.   On October 7, 2021, Defendant was sentenced to a term of probation of three years and ordered to pay a special assessment of $100.

Presently before the Court is the Government's motion for restitution [Doc. 81], Defendant's response in opposition [Doc. 96] and the Government's reply [Doc. 98].  On January 12, 2022, the Court held a hearing on the Government's motion for restitution [Doc. 102] and took the matter under advisement.  For the following reasons, the Government's motion for restitution will be denied, and the Court will not award restitution in this case.

**I.     Background**

On January 14, 2020, a grand jury returned a five-count indictment against Defendant and co-defendant Haydar Al-Kofi.  Both defendants were charged at Count One with conspiracy to defraud the United States by committing food stamp fraud.[1]  The gist of the scheme was that Defendant, the owner and operator of Anwar Fresh Meat Market, and Al-Kofi, his business

---

[1]  Defendant also was charged at Counts Four and Five of the indictment with food stamp fraud in violation of  7 U.S.C. § 2024(b).  Both of those counts were dismissed upon Government motion prior to sentencing [Doc. 91].  All charges against co-defendant Al-Kofi remain pending.

partner, conspired to exchange cash and ineligible items for Supplemental Nutrition Assistance Program ("SNAP") benefits provided to eligible recipients by the United States Department of Agriculture Food and Nutrition Service ("FNS").  Under the scheme, Anwar's Market accepted food stamps in exchange for cash at a mark-up, roughly exchanging every $2 of SNAP redemptions for $1 in cash or ineligible items.  There is no dispute, however, that in the first instance the SNAP benefits were given by the FNS to eligible recipients, who then used the benefits for an unintended purpose.

Following Defendant's guilty plea to Count One, the Court entered a sentencing order setting procedures and deadlines for sentencing, and setting a sentencing date of July 16, 2021 [Doc. 57].  On June 8, 2021, the United States Probation Office disclosed the Final Presentence Investigation Report ("PSR") [Doc. 66].  In that report, the Probation Officer noted that "to date, the Probation Office has not received any requests for restitution" [*Id*. at 12].  On July 12, 2021, the Court granted Defendant's motion to continue sentencing, and reset the hearing for October 7, 2021 [Doc. 74].

On September 30, 2021, seven days before the scheduled sentencing hearing, the Government filed the pending motion for restitution [Doc. 81], providing to the Court, Defendant, and the Probation Office, for the first time, a specific restitution request in the amount of $121,677 to the FNS as an identifiable victim of the food stamp fraud conspiracy.  In light of the last minute request, the Court postponed ruling on the Government's motion and set a hearing date of December 7, 2021, for a final determination of restitution  [Doc. 85].  Sentencing proceeded on October 7, 2021, and Judgment was entered on October 15, 2021, with restitution to be determined [Doc. 93].

On November 18, 2021, Defendant filed a motion in opposition to the Government's restitution request, arguing that restitution is not available under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, because the FNS did not suffer any pecuniary loss as a result of Defendant's conduct [Doc. 96].  On November 30, 2021, the Government filed a reply [Doc. 98], contending that Defendant's diversion of program benefits from their intended use constitutes a compensable loss under the MVRA.  Following two more postponements, the restitution hearing was held on January 12, 2022.

## II.      Standard

The MVRA provides for mandatory restitution to victims of certain enumerated offenses, without regard to a defendant's financial ability to pay.  18 U.S.C. § 3663A(a)(1).  In pertinent part, the Act provides:

> This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense -- (A) that is -- … (ii) an offense against property … including any offense committed by fraud or deceit … and (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

18 U.S.C. § 3663A(c)(1) (emphasis added).

Under the MVRA, restitution must be limited to "an amount pegged to the actual losses suffered by the victims of the defendant's criminal conduct," and "based upon losses directly resulting from such conduct."  *United States v. Quillen*, 335 F.3d 219, 222 (3d Cir. 2003) (quoting *Gov't of Virgin Islands v. Davis*, 43 F.3d 41, 45 (3d Cir.1994).  The burden of demonstrating the amount of loss is on the Government, and any dispute regarding the proper amount is to be resolved by a preponderance of the evidence. 18 U.S.C. § 3664(e); *see also United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007).

3

### III.    Analysis

#### 1.    Timeliness

As an initial matter, the Court finds that the Government's request for restitution fails to comply with the time frames set forth in the statute setting forth procedures for the issuance and enforcement of restitution.  The relevant statute explicitly provides that: "[u]pon the request of the probation officer, *but not later than 60 days prior to the date initially set for sentencing*, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall *promptly* provide the probation officer with a listing of the amounts subject to restitution." 18 U.S.C.  § 3664 (d)(1) (emphasis added).  Moreover, the statute further provides that: "*If* the victim's *losses are not ascertainable by the date that is 10 days prior to sentencing*, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."  18 U.S.C.A. § 3664 (d)(5) (emphasis added).

Here, the Government undisputedly failed to comply with the statutory procedures.   The date initially set for sentencing in this case was July 16, 2021.  By statute, the Government was required to provide the probation officer with a listing of the amounts subject to restitution to all identified victims no later than May 17, 2021, sixty days prior to the initial sentencing date.  The Government did not do so.  In compliance with the Court's scheduling order, the Probation Office filed the PSR on June 8, 2021, indicating that Probation still had not yet received any requests for restitution from the Government.  Not until September 30, 2021, over four months after the May 17, 2021, statutory deadline, and only seven days prior to the rescheduled sentencing date of October 7, did the Government for the first time request restitution in the amount of $121,677 to the FNS.  Moreover, even the provisions of § 3664(d)(5), which should <u>only</u> be triggered when

the victim's asserted losses are not ascertainable by ten days prior to sentencing, were not complied with, as the Government informed the Court of its restitution request only seven days before sentencing, thus necessitating post-sentencing briefing and a hearing for a final restitution determination.

Nevertheless, a number of courts have observed that because the procedural requirements of section 3664 were designed to protect victims, not defendants, the failure to comply with them is harmless error absent actual prejudice to the defendant. *United States v. Cienfuegos*, 462 F.3d 1160, 1163 (9th Cir. 2006); *see also United States v. Johnson*, 400 F.3d 187, 198-99 (4th Cir. 2005) (failure to comply with the ten-day limit in section 3664(d)(5) is harmless error absent a showing of prejudice); *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir. 2000) (failure to afford defendant an opportunity to be heard as to the proposed amount of restitution within the time period prescribed by § 3664(d)(5) is harmless error because "the court provided him ample opportunity to object to the amount thereafter"). Since the Court can ascertain no prejudice to Defendant from the Government's failure to comply with the procedural requirements of the statute, the Court will turn to the merits of the Government's request.

2.     **MVRA**

The parties do not dispute that the MVRA applies in this case. Nor do the parties dispute that the face value of the SNAP benefits provided to the intended recipients was $121,677. The only dispute in this case is whether the face value of the benefits constitutes a pecuniary loss directly resulting from Defendant's conduct for which restitution is mandatory under the MVRA. Upon careful consideration of the parties' papers and the arguments made at the restitution hearing, the Court concludes that the USDA-FNS suffered no pecuniary loss directly resulting from Defendant's conduct. Accordingly, restitution under the MVRA will not be ordered.

Restitution under the MVRA requires that the victim suffer a pecuniary loss directly caused by the defendant's conduct.  Defendant argues that the FNS did not suffer any pecuniary loss from Defendant's conduct because the SNAP benefits went first to individuals who were deemed eligible by the FNS, and only later were used for purposes for which they were not intended as part of Defendant's scheme.   Defendant's argument is that the FNS would have provided the SNAP benefits to the eligible recipients regardless of what those eligible recipients later did with them, and thus could not have sustained a pecuniary loss.  *See United States v. Causey*, 408 F.Supp.3d 1, 2 (D. Mass. 2019) (denying restitution request under MVRA on ground that USDA-FNS suffered no pecuniary harm as a result of Defendant's actions, as the SNAP recipients were entitled to the benefits that they illegally sold to Defendant, and USDA-FNS would have spent that money even if Defendant had not committed fraud).

Although the Government brushes off *Causey* as an anomaly, the Court finds its reasoning persuasive and believes that it is in accord with the general case law of the Third Circuit.  As already noted, "under the MVRA 'restitution must be ... 'based upon losses directly resulting from [the defendant's criminal] conduct.' ""*Quillen*, 335 F.3d at 222 (quoting *Davis*, 43 F.3d at 45).  In *United States v. Fallon*, 470 F.3d 542, 549 (3d Cir. 2006), the Third Circuit recognized a two-prong test for determining whether harm suffered is a direct result of the criminal conduct of a defendant and whether restitution under the MVRA therefore is appropriate.  The first prong states that "[r]estitution should not be ordered in respect to a loss which would have occurred regardless of the defendant's conduct." *Id*. The second prong provides that restitution "should not lie if the conduct underlying the offense of conviction is too far removed, either factually or temporally, from the loss." *Id*.; *see also United States v. Dodd*, 978 F. Supp. 2d 404, 418 (M.D. Pa. 2013).

Here, as in *Causey*, the alleged "loss" to the FNS would have occurred regardless of Defendant's conduct. Although the Government argues that restitution in government benefits cases appropriately restores diverted resources, the FNS has not been deprived of any resources in this case. The FNS paid the benefits in the first instance to legitimate recipients, and therefore is out nothing <u>monetarily</u> due to <u>Defendant's</u> conduct. In *United States v. Feldman*, 338 F.3d 212, 221 (3d Cir. 2003), the Third Circuit Court of Appeals noted that in order "to determine harm (and thus actual loss), we must compare what actually happened with what would have happened if [the defendant] had acted lawfully." Here, even if Defendant had acted lawfully, the FNS still would have expended $121,677 on the legitimate recipients to whom the SNAP benefits were given. Thus, to grant restitution under these circumstances would be to recompense the FNS for resources it would have spent regardless of Defendant's conduct.

The Government does not dispute that the benefits initially were paid to eligible recipients, but argues that the FNS nevertheless sustained an actual loss under the MVRA because Defendant's scheme diverted FNS resources from their intended purpose of ensuring that low-income individuals and families have reliable access to necessary and nutritious consumables. In support, the Government relies heavily on *United States v. Diallo*, 732 F. App'x 94 (3d Cir. 2018) and *United States v. Friday*, No.CRIM.A. 98-642, 2000 WL 1618472 (E.D.Pa. Oct. 26, 2000) (unreported).

In *Diallo*, the Third Circuit held that the amount of SNAP benefits that the defendant received was a reasonable assessment of loss to the government because the SNAP recipients did not receive any food. 732 F. App'x at 100. Although the Government contends that the language of *Diallo* is dispositive, the Court finds it inapposite. The court's analysis of loss in *Diallo* was

under § 2B1.1 of the United States Sentencing Guidelines ("USSG"), not the MVRA, and the distinction between loss under the USSG and the MVRA is significant.

Under USSG § 2B1.1, the general rule is that loss is the greater of actual or intended loss. Actual loss is the reasonably foreseeable pecuniary harm that resulted from the offense.   Intended loss means the pecuniary harm that the defendant purposely sought to inflict.   Pecuniary harm means harm that is readily measurable in money … it "does not include "emotional distress, harm to reputation or other non-economic harm."  USSG § 2B1.1, appl. n. 3(A)(i)-(iii).

However, the commentary to USSG § 2B1.1 explicitly recognizes a special rule applicable in government benefits cases that applies notwithstanding the general rule set forth in subsection A of the commentary.   An application note to § 2B1.1 provides that: "(ii) In a case involving government benefits (*e.g.*, grants, loans, entitlement program payments), <u>loss shall be considered to be not less than the value of the benefits obtained by unintended recipients or diverted to unintended uses</u>, as the case may be."  USSG § 2B1.1, appl. n. 3(F)(ii).  Thus, subsection (F) explicitly creates an exception in government benefits cases allowing the Court to consider the value of government benefits diverted to unintended uses, a non-economic harm that otherwise would not fall within the definition of pecuniary harm as set forth in USSG § 2B1.1, appl. n. 3(A)(iii).

The MVRA, however, carves out no such exception.   Rather, the MVRA authorizes restitution when the victim has suffered "pecuniary loss."   The Government suffered no pecuniary loss here because the money expended was spent on eligible recipients and would have been spent regardless of Defendant's conduct.   For this reason, most of the cases upon which the Government relies, including *Diallo* are not helpful, as they analyze loss under USSG § 2B1.1, which allows for consideration of the non-economic harm resulting from benefits diverted to unintended uses,

rather than under the MVRA, which requires pecuniary loss directly resulting from the defendant's conduct.

Likewise, the *Friday* case does not advance the Government's cause. Therein, the court determined that the face amount of the food stamps was an appropriate measure of loss <u>under the</u> <u>USSG</u> because the defendant's conduct thwarted the goal of the food stamp program – to feed needy individuals and their families. While the *Friday* court did address restitution under the MVRA, finding that the government is the ultimate victim in a food stamp fraud case, it rejected the argument that the FNS lost nothing from the unlawful diversion and ordered restitution in the full face amount of illegally redeemed coupons. In doing so, the *Friday* court relied on a number of cases from other circuits, also cited by the Government here. *See United States v. Hassan*, 211 F.3d 380, 381 (7th Cir. 2000); *United States v. Lewis*, 104 F.3d 690, 693 (5th Cir. 1996); *United States v. Cheng*, 96 F.3d 654, 657 (2d Cir. 1996).

Initially, the Court does not disagree that the FNS is a victim of food stamp fraud as the *Friday* court held. However, as the *Fallon* court observed, "we are unaware of any cases holding that the definition of "victim" for scheme-based crimes diminishes the requirement that losses be "directly" caused by the defendant's actions . . . Thus, even for scheme or conspiracy based crimes, the government bears the burden of showing that the loss suffered was "directly" caused by defendants' actions." *Fallon*, 470 F.3d at 549 n. 12 (citations omitted). Again, under *Fallon*, the Government cannot show that the FNS suffered any pecuniary harm as a direct result of Defendant's conduct because the benefits would have been paid out regardless of Defendant's fraud.

Moreover, the cases relied on by the *Friday* court primarily analyzed the issue of loss under the USSG, and then affirmed restitution orders in an identical amount to the USSG loss, with little

to no acknowledgement of the MVRA's requirement of pecuniary loss, or the prohibition on restitution in respect to a loss which would have occurred regardless of the defendant's conduct. *Hassan*, 211 F.3d at 381 (calculation of loss under USSG, restitution ordered in identical amount with no further analysis); *Cheng*, 96 F.3d at 657 (primarily analyzes loss under USSG and awards restitution under the VWPA in full value of food stamps with little analysis); *see also United States v. Nunez-May*, 225 F. App'x 85, 88 (3d Cir. 2007) (analyzed loss under USSG and imposed restitution in same amount with no analysis under MVRA); *United States v. Mothon*, 406 F. App'x 660 (3d Cir. 2011) (affirmed restitution award with no analysis).

The Court does not take issue with the fact that the FNS has suffered a serious harm in the diversion of benefits from their intended purpose.   However, the FNS has not suffered any pecuniary harm as a result of Defendant's conduct.   Rather, the harm suffered is non-economic, and does not fall within the purview of the MVRA.   Because the Government has not shown by a preponderance of the evidence that the FNS meets the conditions for an award of restitution under the MVRA, the Court will not order restitution in this case.   *See e.g. United States v. Cornier-Ortiz*, 361 F.3d 29, 42 (1st Cir. 2004) (in finding that defendant was not required to pay restitution to HUD in a misapplication of federal funds case, the court found: "The purpose of restitution [under the MVRA] is to secure to an identifiable victim who has been directly and proximately harmed the pecuniary loss he or she has suffered . . . the  government's argument confuses the issue whether there has been a crime with the issue whether the conditions for restitution have been met, particularly whether HUD suffered a pecuniary loss.")

### 3.    VWPA

Alternatively, the Government suggested at the hearing that restitution may be recoverable under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663.   Restitution ordered

under the VWPA is compensatory rather than punitive.  Awards are designed to compensate victims for their losses, rather than to serve retributive or deterrent purposes.  *Davis*, 43 F.3d at 47. A court has broad discretion in ordering restitution under the VWPA, *United States v. English*, 92 F.3d 909, 916 (9th Cir. 1996), and the VWPA does not mandate restitution in all circumstances. *United States v. Owens*, 901 F.2d 1457, 1459 (8th Cir. 1990).

Here, for the same reasons discussed above, the Court also will decline to exercise its discretionary authority to order restitution under the VWPA, as the Government has failed to show by a preponderance of the evidence that the USDA-FNS has suffered any actual pecuniary loss resulting from Defendant's conduct.

## III.     Conclusion

The purpose of restitution under the MVRA is to compensate the victim for its losses and, to the extent possible, to make the victim whole.  *United States v. Diaz*, 245 F.3d 294, 312 (3d Cir. 2001); *see also Paroline v. United States*, 572 U.S. 434, 456 (2014) (although it serves some punitive purposes, the primary goal of restitution is remedial or compensatory).  Likewise, restitution awards under the VWPA are designed to compensate victims for their losses, rather than to serve retributive or deterrent purposes.  *Davis*, 43 F.3d at 47.

Here, requiring Defendant to compensate the FNS for payments it would have made regardless of his conduct is not making the victim whole.  Rather, in this Court's view, it would be providing a windfall by reimbursing the FNS, from Defendant's pocket, for money it already had expended on a legitimate recipient.  Because the FNS suffered no actual <u>pecuniary</u> loss as a direct result of <u>Defendant's</u> conduct, but instead only non-economic harm in the form of diversion of benefits from their intended purpose after the resources already had been expended, the Court will decline to award restitution under either the MVRA or the VWPA in this case.

11

An appropriate order will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 1:20-2-1 |
| | )   Judge Stephanie L. Haines |
| LAITH KADHEM | ) |

## <u>ORDER OF COURT</u>

AND NOW, this 14th day of January, 2022, upon due consideration of the Government's motion for restitution [Doc. 81], Defendant's response thereto [Doc. 96], and the Government's reply [Doc. 98], and, in light of the arguments made by counsel for both parties at the restitution hearing held on January 12, 2022, for the reasons set forth in the accompanying Opinion, IT IS ORDERED that the Government's motion for restitution [Doc. 81] hereby is **denied**.

s/Stephanie L. Haines
Stephanie L. Haines
United States District Judge

cc/ecf:  All counsel of record

13